IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH     *

    v.                                      *     CIVIL ACTION NO. WDQ-14-3176

BALTIMORE CITY STATES ATTORNEY     *
 *et al.*
NEW TECHNOLOGY                           *
                                          *****

## MEMORANDUM

On October 9, 2014, plaintiff Catherine Randolph, a resident of Baltimore, Maryland filed this self-represented action against the Office of the State's Attorney for Baltimore City and other unnamed parties. In her statement of facts, she makes the following verbatim statements:

"Please expedite and consolidate Rule 65 permanent injunction with monetary relief to stop illegal public solicitations (sexual content) and social media fraud done by my unknown neighbors stating "new technology" at (home base) address: 4234 Shamrock Ave. Baltimore Md. 21206. This new technology business invades my privacy (4th Amendment) all day 24/7 "without my consent" with illegal hidden cameras – eavesdropping [tele]phone equipment – radio transmitter which are prohibited for (citizens) advertising violates Federal Statutes Rule 18 U.S.C. 2512 [&] 18 U.S.C. 2513 (confiscate disconnect new technology devices). Case study [*Katz vs United States*] (1967) right to be left alone. Please uphold State and Federal rules over illegal technology to prevent (stop) prohibition of ignorance public disclosure private facts violates (view) U.S.A. privacy rights laws * Maryland crime victims rights laws and Maryland Information Protection law. Consider to Grant my relief for good cause; loss wages – loss time → ongoing mental distress → false imprisonment 6 years Circuit Court Baltimore City Cases #506069025 and #506069026 filed 3/10/2006 closed 03/07/2012. Public disclosure – untimely. No convictions

ECF No. 1 at p. 2. Plaintiff seeks injunctive relief and $3,000,000,000.00 in damages. *Id.* at p. 3.

Plaintiff has moved to proceed in forma pauperis. ECF No. 2. Because she appears indigent, her request to proceed without the prepayment of the $400.00 civil filing fee will be granted. Plaintiff's complaint shall, however, be summarily dismissed.

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such self-represented complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Pursuant to 28 U.S.C. § 1915,[1] courts are required to screen the plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts

---

[1] The statute provides, inter alia:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

have performed a preliminary screening of non-prisoner complaints. *See Fogle v. Blake*, 227 Fed. Appx. 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner Complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, plaintiff is proceeding *pro se*. When reviewing a *pro se* complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a *pro se* plaintiff's pleadings are liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

Upon generous construction of the complaint, the Court finds that plaintiff has failed to set out a claim entitling her to relief. The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted against the State's Attorney's Office or any party, and must be dismissed.

For the reasons stated above, this case will be dismissed for failure to state a claim against defendants.

Date: October __14__, 2014

William D. Quarles, Jr.
United States District Judge